An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SOUTHERN NEVADA CHINESE
WEEKLY, AN UNKNOWN ENTITY;
ANTHONY LU, AN INDIVIDUAL; AND
JUDY CHAN MOMAN, AN
INDIVIDUAL,
Appellants,
vs.
CHINESE AMERICAN CHAMBER OF
COMMERCE OF NEVADA, A NEVADA
CORPORATION; TRAVIS LU, AN
INDIVIDUAL; AND TRAVIS LU &
ASSOCIATES, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondents.

No. 58364



FILED

FEB 04 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is an appeal from a district court's order denying attorney fees and awarding costs in a reduced amount in a tort action. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Respondents Chinese American Chamber of Commerce of Nevada, Travis Lu, and Travis Lu & Associates, LLC (collectively, CACC) commenced a tort action against appellants Southern Nevada Chinese Weekly, Anthony Lu and Judy Chan (collectively, Media Parties). Media Parties won a trial verdict and subsequently filed an unsuccessful motion requesting attorney fees and costs. Media Parties appealed; this court reversed and remanded the case because the district court failed to perform a proper analysis. Southern Nevada Chinese Weekly v. Chinese

13-03592

<u>American Chamber of Commerce of Nevada</u>, Docket No. 54554 (Order of Reversal and Remand, Nov. 19, 2010).

Upon remand, Media Parties amended their motion for fees and costs to include their appeal expenses. The district court performed a proper analysis, denied Media Parties' request for attorney fees, including their appeal costs, and awarded a reduced costs amount.[1]

Media Parties again appealed, arguing that the district court abused its discretion by failing (1) to conclude that CACC's claims were frivolous; (2) to award attorney fees after Media Parties successfully defended their First Amendment rights; and (3) to award all of Media Parties' requested costs. We disagree, and affirm the district court's order.

This court reviews a district court's decision whether to award attorney fees or costs for an abuse of discretion. <u>Miller v. Jones</u>, 114 Nev. 1291, 1300, 970 P.2d 571, 577 (1998). A trial court abuses its discretion when it acts in "clear disregard of the guiding legal principles." <u>Bergmann v. Boyce</u>, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993).

Media Parties initially argues that the district court abused its discretion in denying attorney fees by failing to conclude that CACC's claims were frivolous and brought with the intent to harass. Under NRS 18.010(2)(b), a district court can award attorney fees "when the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party." In determining whether a claim is without reasonable grounds or frivolous, the district court takes a case-by-case approach and looks to whether evidence supporting the plaintiff's

---

[1]The parties are familiar with the facts, so we do not recount them further except as pertinent to our disposition.

claim existed at the time the action was initiated. <u>Bergmann</u>, 109 Nev. at 675, 856 P.2d at 563.

The district court did not abuse its discretion in determining CACC's claims were based on reasonable grounds because evidence supported the claims when CACC initiated the action. Further, Media Parties failed to demonstrate that the district court acted contrary to guiding legal principles in determining CACC did not initiate the action to harass Media Parties. Consequently, the district court's decision denying attorney fees on this ground will stand.

Media Parties' contention that the press, as a matter of public policy, should be awarded attorney fees and costs for successfully defending against a defamation suit is meritless because the press has adequate protection and remedies under current laws.[2]

Media Parties further argues that the district court abused its discretion by failing to award all of the requested costs. Allowable costs are those actually and reasonably incurred, not a "reasonable estimate or calculation of such costs." <u>Bobby Berosini, Ltd. v. PETA</u>, 114 Nev. 1348, 1352, 971 P.2d 383, 385-86 (1998). A party moving for costs must provide the court with sufficient evidence that the costs requested were necessary to the action and actually and reasonably incurred. <u>See</u> NRS 18.110(1).

In determining costs, the district court divided Media Parties' requested costs into fourteen categories and individually addressed the reasonableness of each category. The district court then denied or reduced eleven of the fourteen cost categories, supporting its decisions with

---

[2]Although the district court did not reach Media Parties' public policy argument, because we reject the argument, reversal is not warranted on this ground.

detailed and individualized explanations. Media Parties failed to provide adequate documentation showing the requested costs were necessary to the action and reasonably and actually incurred. Thus, the district court did not abuse its discretion in reducing the requested costs.

Further, the district court did not abuse its discretion in denying costs Media Parties incurred on appeal because Media Parties did not receive actual relief from the district court's final judgment in their previous appeal. See Keever v. Jewelry Mountain Mines, 102 Nev. 174, 176, 717 P.2d 1117, 1118 (1986). The prior order of reversal did not order a new trial or modify a judgment. NRS 18.060. Rather, this court remanded the matter with instructions to make certain findings before entering judgment. Thus, costs are not warranted under NRS 18.060.

In sum, the district court did not abuse its discretion in denying Media Parties' motion for attorney fees or reducing the amount of Media Parties' requested costs. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Parraguirre

cc: Hon. Linda Marie Bell, District Judge
Thomas J. Tanksley, Settlement Judge
Marquis Aurbach Coffing
Adams Law Group
Eighth District Court Clerk